## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| In re:2241 ELKHORN LEXINGTON, L.P., *et al.*, | Chapter 11 |
| | No. 10-bk-3427 1 |
| Debtors. | (Jointly Administered) Honorable |
| | Pamela S.Hollis |

## STIPULATION AND FINAL ORDER (I) AUTHORIZING SECURED EMERGENCY STOP GAP POSTPETITION FINANCING PURSUANT TO 11 U.S.C. § 364, (II) AUTHORIZING USE OF CASH COLLATERAL PURSUANT TO 11 U.S.C. §§ 363 AND 364, AND (III) GRANTING ADEQUATE PROTECTION PURSUANT TO <u>11 U.S.C. §§ 363 AND 364</u>

This matter comes before the Court on the Debtors' Emergency Motion (the "Motion") seeking the entry of an order (a) authorizing, pursuant to §363(c) of the United States Code, 11 U.S.C.§§ 101, *et seq.* (the "<u>Bankruptcy Code</u>"), on an emergency and limited basis, use of cash and cash equivalents constituting "Cash Collateral" (as that term is defined in § 363(a)) in the ordinary course of business and pursuant to the Budget (as defined herein); (b) authorizing limited emergency stop gap secured postpetition financing pursuant to Sections 364(c) and (d) of the Bankruptcy Code up to an aggregate principal amount not to exceed $50,000 (the "<u>Stop Gap Financing</u>") from LSREF2 Clover Trust 2011, as successor in interest to Anglo Irish Bank Corporation Limited (the "<u>Lender</u>"), (c) providing, pursuant to Sections 361 and 363(e) of the Bankruptcy Code, adequate protection to the Lender, as senior secured creditor, with respect to diminution in the value of Lender's interest in the Prepetition Collateral (as that term is defined below) for the use of Cash Collateral and the use, sale or lease of the Collateral (other than the Cash Collateral) and the imposition of the automatic stay pursuant to Section 362 of the Bankruptcy Code; (d) seeking a preliminary hearing on the Motion to consider entry of an interim order pursuant to Bankruptcy Rule 4001, and (d) requesting that a final hearing be

scheduled, and that notice procedures with respect to the Final Hearing be established by this Court to consider entry of a final order authorizing on a final basis, the use of the Cash Collateral; the Court having granted the Motion on an interim basis on May 31, 2011 (the "Interim Financing Order"); the Court having scheduled a final hearing (the "Final Hearing") on the Motion for June 28, 2011, which has been continued from time to time with the consent of the Debtors and the Lender; due and sufficient notice of the Motion and the Final Hearing under the circumstances having been given; and upon the entire record made at the Preliminary Hearing and the Final Hearing, and this Court having found good and sufficient cause appearing therefore:

## THE DEBTORS AND THE LENDER STIPULATE THAT:

A.    On July 30, 2010, the Debtors filed their voluntary petitions for relief under chapter 11 or the Bankruptcy Code. The cases were combined for joint administration on September 14, 2010. No trustee, examiner or committee of unsecured creditors have been appointed in these cases.

B.    Debtors' assets consist of, among other things, three operating hotels (collectively, the "Lexington Hotels"), including the Envoy Hotel, owned by 5650 North Sheridan Corporation. Debtors continue in possession of their property and are operating and managing their businesses each as a debtor-in-possession pursuant to §§ 1 107 and 1 108 of the Bankruptcy Code.

C.    On September 30, 2010, the Court entered the Interim Order and Stipulation (I) Authorizing Use of Cash Collateral, (II) Granting Adequate Protection and (III) Approving the Form and Method of Notice of, and Scheduling Final Hearing on Use of Cash Collateral (the "Interim Cash Collateral Order") [Docket No. 85], authorizing use of the Lender's cash

collateral on a limited basis pursuant to an agreed budget which included, among other things, adequate protection payments to the Lender.

D.     On October 22, 2010, Anglo Irish Bank Corporation Limited, as predecessor in interest to the Lender ("Anglo Irish"), filed its proofs of claim asserting claims against the Debtors' estates in the amount of $21,275,829.74 excluding accrued and unpaid attorneys' fees (Claim No. 5 in the 2241 Elkhorn case and No. 6 in the 5650 North Sheridan Case) (collectively, the "Proofs of Claim").

E.     Since the expiration of the Interim Cash Collateral Order, the Debtors have been using Cash Collateral on a limited basis, with the Lender's consent only to pay necessary costs of the businesses pursuant to an agreed budget, while Lender's Motion for Relief from Stay is pending.

F.     5650 North Sheridan Corporation has an immediate need for the Stop Gap Financing and use of Cash Collateral as set forth in this Order in order to, inter alia, pay wages and generally conduct the business affairs of the Envoy Hotel so as to avoid immediate and irreparable harm to its estates and the value of its assets.

G.     Given the Debtors' current financial condition, financing arrangements and capital structure, the Debtors cannot obtain unsecured credit allowable under Bankruptcy Code § 503(b)(1) as an administrative expense. Financing on a postpetition basis is not otherwise available without the Debtors (i) granting, pursuant to Bankruptcy Code § 364(c)(1), claims having priority over any and all administrative expenses of the kinds specified in Bankruptcy Code §§ 503(b) and 507(b), (ii) securing, pursuant to Bankruptcy Code §§ 364(c) and (d), such indebtedness and obligations with security interests in and liens on all of the Debtors' personal

GC8479

property, real property and the Prepetition Collateral as described below, and (iii) providing for adequate protection of the Lender's interests as described below.

J.      Without prejudice to the rights of any other party, the Debtors acknowledge and stipulate that prior to the Petition Date, Anglo Irish, as predecessor in interest to the Lender, loaned money (the "Loan") to or for the benefit of the Debtors, pursuant to the terms and conditions of that certain Loan Agreement (the "Loan Agreement") and that certain Promissory Note (the "Note"), each dated May 3, 2007. The obligations of the Loan Agreement and Note are secured by that certain Mortgage, Security Agreement, Assignment of Rents and Leases and Fixture Filing dated May 3, 2007 and duly recorded in the Fayette County Clerk's Office, Fayette County, Kentucky, on May 7, 2007 in Mortgage Book 6065, Page 633 (the "Mortgage" and collectively with the Loan Agreement, Note, and all other agreements and documents evidencing, securing, or otherwise relating to the Loan, the "Prepetition Loan Agreements"). The Debtors are co-borrowers and co-obligors under the Prepetition Loan Agreements.   The Lender is the successor in interest to Anglo Irish under the terms of the Prepetition Loan Agreements.

K.      Without prejudice to the rights of any other party, the Debtors acknowledge and stipulate that, in accordance with the terms of the Prepetition Loan Agreements, the Debtors are truly and justly indebted to the Lender, without defense, counterclaim or offset of any kind, and that, as of the Petition Date the Debtors were liable to the Lender in respect to loans made by the Lender, as successor in interest to Allied Irish, to the Debtors pursuant to the Prepetition Loan Agreements in the amount of $21,275,829.74, excluding accrued and unpaid attorneys' fees (the "Prepetition Indebtedness") (as shown in Lender's Proofs of Claim).

L.    Without prejudice to the rights of any other party, the Debtors acknowledge and stipulate that under the terms of the Prepetition Loan Agreements and as security for repayment of the Prepetition Indebtedness, the Debtors granted to the Lender security interests in, and liens upon substantially all of the Debtors' assets, both tangible and intangible, as more fully described in the Prepetition Loan Agreements, which are incorporated herein by reference (collectively, including the Cash Collateral existing as of the Petition Date, the "Prepetition Collateral").

M.    Without prejudice to the rights of any other party, the Debtors acknowledge and stipulate that the Lender's security interests in and liens on the Prepetition Collateral were properly perfected and are valid and enforceable first priority liens on and security interests in the Prepetition Collateral. The Debtors further acknowledge and stipulate that all of the Debtors' cash on the Petition Date constitutes proceeds of the Prepetition Collateral and, therefore, constitutes Cash Collateral. The Lenders are entitled, pursuant to Sections 361 and 363(e) of the Bankruptcy Code, to adequate protection of their interest in the Prepetition Collateral, including for the use of the Cash Collateral, the use, sale or lease of Prepetition Collateral other than the Cash Collateral and the imposition of the automatic stay under Section 362 of the Bankruptcy Code.

## ACCORDINGLY, IT IS HEREBY ORDERED, ADJUDGED, DECREED AND, AS APPLICABLE, STIPULATED THAT, EFFECTIVE IMMEDIATELY:

1.    The Motion, is granted on a final basis, pursuant to the terms and conditions set forth in this Final Financing Order and any objections thereto that have not previously been withdrawn are overruled. This Final Financing Order is valid immediately and fully effective upon its entry.

2.     This Court has jurisdiction over these Chapter 11 Cases and the Motion pursuant to 28 U.S.C. §§ 157(b) and 1334. Consideration of the Motion constitutes a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A)(D) & (M). Venue is proper in this Court pursuant to 28 U.S.C. § 1408.

3.     The Debtors have requested immediate entry of this Order pursuant to Bankruptcy Rules 4001(b)(2) and 4001(c)(2). The permission granted herein to enter into the Stop Gap Financing and obtain funds thereunder, and to use Cash Collateral on a limited basis, is necessary to avoid immediate and irreparable harm to 5650 North Sheridan Corporation. This Court concludes that entry of this Order is in the best interest of the Debtors' estates and creditors as its implementation will, among other things, provide the Debtors with the necessary funds to avoid immediate and irreparable harm to their estates and the value of their assets.

4.     Based on the record presented to the Court by the Debtors at the Preliminary Hearing and the Final Hearing, the Stop Gap Financing has been negotiated in good faith and at arm's length between the Debtors and the Lender, and the Stop Gap Financing shall be deemed to have been extended, issued or made, as the case may be, in good faith by the Lender as required by, and within the meaning of § 364(e) of the Bankruptcy Code.

5.     Based on the record presented to the Court by the Debtors at the Preliminary Hearing and Final Hearing, the terms of the Stop Gap Financing appear to be fair and reasonable, are ordinary and appropriate for secured financing to a debtor in possession, reflect the Debtors' exercise of prudent business judgment consistent with their fiduciary duties, and are supported by reasonably equivalent value and fair consideration.

6.     The Debtors are hereby authorized to obtain the Stop Gap Financing and use Cash Collateral on a limited basis pursuant to the terms and conditions of this Final

Financing Order and the Prepetition Loan Agreements.  The Lender is authorized to advance funds constituting Stop Gap Financing, as limited by the Budget set forth in Paragraph 9 of this Order and subject to the terms and conditions of the Prepetition Loan Agreements, of an amount not to exceed $50,000. 5650 North Sheridan Corporation is authorized to use the proceeds of any loans made under the Stop Gap Financing, and to use Cash Collateral as provided in the Budget for the operations of the Envoy Hotel, provided, that (i) the Stop Gap Financing will only be used to pay when due the expenses set forth in the Budget, and (ii) any requested Stop Gap Financing shall only be used as necessary after the application of all available Cash Collateral. "All available Cash Collateral" shall include Cash Collateral in excess of the agreed budgets for the Lexington Hotels (but allowing each of the Lexington Hotels a minimum working capital balance for the preceding four weeks of not less than $10,000).

7.    In accordance with Bankruptcy Code § 364(c)(1), the Stop Gap Financing shall constitute claims (the "Superpriority Claims") with priority in payment over any and all administrative expenses of the kinds specified or ordered pursuant to any provision of the Bankruptcy Code, including, without limitation, Bankruptcy Code §§ 105, 326, 328, 330, 331, 503(b), 507(a), 507(6) and 726, and shall at all times be senior to the rights of the Debtors, and any successor trustee or any creditor in these Chapter 11 Cases or any subsequent proceedings under the Bankruptcy Code. No cost or expense of administration under Bankruptcy Code §§105, 503(b), 507(b) or otherwise, including those resulting from the conversion of any of these Chapter 11 Cases to Chapter 7 cases, shall be senior to, or pari passu with, the Superpriority Claims of the Lender arising out of the Stop Gap Financing.

8.    As security for any Stop Gap Financing actually advanced to the Debtors, the Lender shall have and is hereby granted (effective upon the date of this Order and without

the necessity of the recordation of mortgages, security agreements, pledge agreements, financing statements or otherwise), valid and perfected security interests in, and liens on (collectively, the "Liens"), all assets of the Debtors of any nature whatsoever and wherever located, tangible or intangible, whether now or hereafter acquired, including, without limitation, accounts, securities, investment property, financial assets, and securities entitlement, documents, equipment, fixtures, general intangibles, warranties, guarantees, licenses, permits, and any and all proceeds of the foregoing, causes of action and any avoidance actions under Bankruptcy Code §§ 544, 545, 547, 548, 549, 550 or 553 and the proceeds thereof, leases and all substitutions thereto, accessions, rents issues and profits, and insurance and other proceeds (the "Postpetition Collateral" and, collectively with the Prepetition Collateral, the "Collateral").

9.    Subject to the terms and conditions of this Final Financing Order, the Debtors may use Cash Collateral and shall pay certain critical and necessary expenses pursuant to the budget attached hereto and incorporated herein as Exhibit A (the "Budget"), which has been consented to by the Lender. The Budget reflects, on a line-item basis, anticipated cash receipts and expenditures on a weekly basis, and the Debtors warrant and represent that the Budget includes all critical, necessary and foreseeable expenses to be incurred in the ordinary course of business in connection with the operation of their businesses for the period set forth in the Budget. In no event shall the Debtors use any Cash Collateral to pay any items except as set forth in the Budget or as may be consented to in writing by the Lender. The Debtors further agree not to incur any administrative expenses other than as set forth in the Budget without the prior written consent of the Lender or approval by the Bankruptcy Court after notice to the Lender and a hearing; provided, however, that the Debtors

may pay fees payable pursuant to 28 U.S.C. § 1930 (as set forth in the Budget). Not later than the second (2nd) business day of each week, the Debtors shall provide to the Lender a variance report reflecting, on a line-item basis, the actual cash receipts and disbursements for such week, the dollar variance and the percentage variance (the "Variance Percent") of such actual receipts and disbursements from those reflected in the Budget for that week. Any disbursement by the Debtors other than for such expenses set forth in the Budget within the Variance Percent shall constitute an Event of Default under this Final Financing Order unless the Lender consents to such disbursements in writing; provided, however, that the Debtors may make payments in excess of the total budgeted disbursements so long as (i) the Variance Percent of the aggregate of all actual disbursements for each week shall not exceed five (5%) percent of the budgeted disbursements for that week and shall at no time exceed the actual cash receipts of the Debtors; and (ii) the Variance Percent of the aggregate of all actual disbursements for any consecutive four-week period shall not exceed five (5%) percent of the aggregate of all budgeted disbursements for such four-week period (subsections (i) and (ii) above are collectively, the "Allowed Variance").

10.     The use of Cash Collateral by the Debtors shall give rise to an obligation of the Debtors to the Lender for repayment of an amount equal to the amount of the Cash Collateral used and shall be secured by the Replacement Liens (defined below).

11.     Immediately upon entry of this Final Financing Order, the Debtors shall account to the Lender for all cash, checks, notes, drafts, instruments, acceptances and other property representing cash or other proceeds of the Prepetition Collateral in the Debtors' possession or control. All cash, checks, notes, drafts, instruments, acceptances and other property and interests in property of the Debtors (the "Cash Proceeds") currently in the

possession of the Debtors or in any accounts in financial institutions, including any lock box or depository accounts, shall be deemed proceeds of the Prepetition Collateral.

12.    The Debtors are hereby required to deliver to the Lender such other financial and other information concerning the business and affairs of the Debtors as the Lender shall reasonably request from time to time, including, without limitation, the financial reports and information provided to the Lender under the Prepetition Loan Agreements. The Debtors will permit the Lender, the Lender' agents and any consultants engaged by the Lender full access to examine the respective corporate, financial and operating records, and, at the Debtors' expense, make copies thereof, inspect the assets, properties, operations and affairs of the Debtors, visit any or all of the offices of the Debtors to discuss such matters with their officers, independent auditors (and the Debtors hereby authorize such independent auditors to discuss such matters with the Lender, their agents and consultants), and the Debtors will cooperate with the Lender, their agents and consultants in all respects.

13.    The Debtors are hereby required to deliver to the Lender such other financial and other information concerning the business and affairs of the Debtors as the Lender shall reasonably request from time to time, including, without limitation, the financial reports and information provided to the Lender under the Prepetition Loan Agreements.

14.    The Debtors' limited right to use Cash Collateral shall commence on the date of the entry of this Final Financing Order and expire on the earlier of (a) the close of business on December 31, 2011 or (b) the occurrence of any event described in paragraph 28 of this Final Financing Order (the "Expiration Date").    In no event shall the Debtors be authorized to use Cash Collateral except strictly in compliance with the terms and conditions of this Final Financing Order and the Budget.

GC8479                                    10

15.    In providing for the use of Cash Collateral, the Debtors and the Lender stipulate and agree that:

(a)    except as provided herein, the Lender has no obligation to provide ongoing financing to the Debtors; provided, however, that the Lender reserves its right to pursue any rights and remedies set forth under the Prepetition Loan Agreements against the Debtors,

(b)    the Debtors are not aware of and hereby waive any claim, counterclaim, setoff or defense of any kind or nature which would in any way (i) affect the validity, enforceability and nonavoidability of the Prepetition Loan Agreements, or any of the liens and security interests held by the Lender under the Prepetition Loan Agreements (collectively, the "Prepetition Liens") or under the Interim Financing Order or this Final Financing Order, or (ii) reduce or affect the obligations of the Debtors or the Guarantor to pay any of their obligations under the Prepetition Loan Agreements and Guaranties. The Guarantor affirms that any financing provided by the Lender pursuant to this Final Financing Order shall be an obligation of the Guarantor subject to the terms and conditions of his Guaranties and this Interim Financing Order; and

(c)    without prejudice to the rights of any other party, the Debtors and the Guarantor shall and hereby stipulate (i) that the Prepetition Liens are valid, perfected and unavoidable; (ii) that the Lender as of the Petition Date has an allowed secured claim in the amount of the Prepetition Indebtedness; and (iii) that the Lender and all of their agents, accountants, officers, attorneys,

directors, employees and agents shall be and are hereby released from all claims and causes of actions, whether known or unknown, contingent or fixed, liquidated or unliquidated, whose claims and causes of actions arose prior to the Petition Date.

16.    The Lender's obligations under this Final Financing Order are conditional upon and subject to the delivery to the Lender within seven (7) days after the entry of this Final Financing Order, of evidence satisfactory to the Lender that the Collateral is insured for the full replacement value thereof and the Lender is named as loss payee and/or as additional insured on all insurance policies.

17.    In addition to the existing rights and interests of the Lender in the Prepetition Collateral and for the purpose of attempting to provide adequate protection for the interests of the Lender, the Lender is hereby granted, as adequate protection for any diminution in the value of the Prepetition Collateral, and the proceeds thereof, and Cash Collateral, and the proceeds thereof, a valid, perfected and enforceable first-priority security interest (the "Replacement Liens") in and upon the Prepetition Collateral, and the proceeds thereof, and Cash Collateral, and the proceeds thereof, and all other real and personal property of the Debtors of any description whatsoever, wherever located and whenever arising or acquired, including, without limitation, all accounts, inventory, instruments, investment property, documents, equipment, fixtures, general intangibles, and any and all proceeds and products, whether tangible or intangible, or any of the foregoing, including proceeds of insurance covering any of the foregoing, which Replacement Liens shall be in addition to the security interests of the Lender in the Prepetition Collateral, and the proceeds thereof, and Cash Collateral, and the proceeds thereof, in the same order of priority as such security interests existed on the Petition

Date (collectively, all of the collateral described in this paragraph, the "Prepetition Collateral").

18.    The Replacement Liens herein granted: (i) are and shall be in addition to all security interests, liens and rights of set-off of the Lender existing on the Petition Date; and (ii) are and shall be valid, perfected, enforceable and effective as of the date of the entry of this Final Financing Order without any further action by the Debtors or the Lender and without the necessity of the execution, filing or recordation of any financing statements, security agreements, vehicle lien applications, filings with the United States Patent and Trademark Office, mortgages or other documents.

19.    In addition to the Replacement Liens granted to the Lender pursuant to this Final Financing Order, the Lender is hereby granted a superpriority administrative claim under Section 507(b) of the Bankruptcy Code (the "507(b) Claim") in the full amount allowable under Section 507(b) and the Bankruptcy Code. Such 507(b) Claim shall be allowed and have priority in payment over all other costs and expenses, now existing or hereafter arising, of the kind specified in or ordered pursuant to Sections 105, 326, 330, 331, 503(b), 506(c), 507(a), and 1114 of the Bankruptcy Code.   Notwithstanding the Replacement Liens and 507(b) Claim granted herein, the Lender reserves its right to assert that it is not adequately protected, and nothing herein shall be deemed a finding by the court that the Lender is adequately protected.

20.    Unless the Lender has provided its prior written consent, there shall not be entered in these Chapter 11 Cases any order which authorizes any of the following: (i) the obtaining of credit or the incurrence of indebtedness that is secured by a security, mortgage, or collateral interest or other lien on all or any portion of the Collateral and/or entitled to priority administrative status which is equal or senior to the Replacement Liens granted to the Lender

GC8479

13

herein, unless such credit or issuance of indebtedness provides for payment in full of the Prepetition Indebtedness and any other obligations of the Debtors to the Lender at the closing of such transaction; or (ii) the enforcement of any claimed security, mortgage, collateral interest or other lien of any person other than the Lender on all or any portion of the Collateral.

21.    Unless and until the Prepetition Indebtedness and Stop Gap Financing have been repaid in full, the protections afforded to the Lender under this Final Financing Order shall survive the entry of any order confirming a plan of reorganization and the Lender's Prepetition Liens, Replacement Liens in and to the Prepetition Collateral and the 507(b) Claim shall continue in these proceedings, and the Lender's Prepetition Liens, Replacement Liens and 507(b) Claim shall maintain their priority as provided by this Final Financing Order until the Prepetition Indebtedness and Stop Gap Financing have been repaid in full.

22.    The Lender and the Debtors may make non-material modifications or amendments to the Budget or this Final Financing Order up to the Expiration Date, to take effect upon five (5) business days written notice signed by both parties without further order of this Court, and all actions taken pursuant to such modified Budget shall be and hereby are expressly authorized hereunder. The Lender may consent in writing to extend the Expiration Date without a further hearing or order of this Court. If the Lender determines to do so, written notification of such extension shall be provided to all parties-in-interest.

24.    In consenting to a Budget and by taking any other actions pursuant to this Final Financing Order, or in exercising the rights and remedies as and when permitted pursuant to this Final Financing Order or the Prepetition Loan Agreements, the Lender shall not be deemed to be in control of the operations of the Debtors or to be acting as a "responsible person" or "owner or operator" with respect to the operations or management of the Debtors.

25.   The Lender may, at its sole discretion, retain third party consultants selected by the Lender to review matters pertaining to the business and properties of the Debtors, each at the Debtors' expense (collectively, the "Lender's Consultants"). The Debtors will permit the Lender's Consultants to examine the respective corporate, financial and operating records, and, at the Debtors' expense, make copies thereof, inspect the assets, properties, operations and affairs of the Debtors, visit any or all of the offices of the Debtors to discuss such matters with their officers, independent auditors, accountants or consultants (and the Debtors hereby authorize such independent auditors, accountants and consultant to discuss such matters with the Lender's Consultants), and the Debtors will cooperate with the Lender's Consultants in all respects.

26.   The notice given by the Debtors of the Final Hearing was given in accordance with Bankruptcy Rule 4001(c)(2). The Debtors shall serve a copy of this Final Financing Order (a) by United States Mail or telefax notice not later than 5:00 p.m. on November 28, 2011, upon (i) counsel for the Lender, (ii) the United States Trustee, (iii) the 20 largest unsecured creditors, (iv) any creditors who have filed a request with this Court for notices, and (v) all other parties in interest.

27.   The provisions of this Final Financing Order shall remain in full force and effect unless modified or vacated by subsequent order of this Court with the consent of the Lender. Any stay, modification, reversal or vacation of this Final Financing Order shall not affect the validity of any obligation of the Debtors to the Lender incurred pursuant to this Final Financing Order. Notwithstanding any such stay, modification, reversal or vacation, all use of the Cash Collateral prior to written notice to the Lender of the effective date of any such stay, modification, reversal or vacation, shall be governed in all respects by the provisions hereof and the Lender shall be entitled to all the rights, privileges and benefits, including, without

limitation, the Liens, Prepetition Liens, Replacement Liens and Superpriority Clams granted herein.

28.    Notwithstanding anything to the contrary in this Final Financing Order, the Debtors' authority to use Cash Collateral pursuant to this Final Financing Order shall terminate immediately and automatically (the "Termination Date"), (a) upon twenty-four (24) hours of the delivery of written notice to the Debtors by the Lender of any default or Event of Default of any of the terms and provisions of this Final Financing Order, (b) without notice of any kind upon (i) the Expiration Date, (ii) the conversion of the Chapter 11 Cases to Chapter 7 cases or appointment of a trustee without the consent of the Lender, (iii) the initiation by any person of any lawsuit or adversary proceeding seeking to challenge the validity or priority of (or to subordinate) any of the Lender's liens and security interests on any of the Collateral between now and the Expiration Date, and (iv) the use of Cash Collateral in excess of amounts permitted under this Final Financing Order. The automatic stay pursuant to Section 362(a) of the Bankruptcy Code shall be deemed lifted and modified, without further order of this Court, to permit the Lender to exercise any and all of their rights and remedies under the Prepetition Loan Agreements and this Final Financing Order; provided, however, that the obligations and rights of the Lender and Debtors with respect to all transactions which have occurred prior to the Termination Date, including, without limitation, the Lender's security in the Collateral and Debtors' right after notice and a hearing to (i) use Cash Collateral, (ii) reinstate, or defend against the lifting of, the automatic stay, or (iii) contest the existence of a default or event of default, shall remain unimpaired and unaffected by any such termination and shall survive such termination; and provided further that upon such termination the Lender and the Debtors shall be deemed to have retained all of their rights and remedies, including, without limitation, those

provided pursuant to the Prepetition Loan Agreements, this Final Financing Order and the

Bankruptcy Code, and Debtors' right after notice and a hearing to (i) request the use of Cash

Collateral, (ii) seek to reinstate, or defend against the lifting of, the automatic stay, or

(iii) contest the existence of a default or event of default

      SO ORDERED, ADJUDGED, DECREED, AND STIPULATED THIS NOV   1 2011
DAY OF NOVEMBER, 2011.

_____
UNITED STATES BANKRUPTCY JUDGE

11/21/2011 4:25 PM

**2241 Elkhorn Lexington LP - Best Western & Baymont**
**Cash Flow Budget**

| Week ending: | | FORECAST 26-Nov | FORECAST 3-Dec | FORECAST PR 10-Dec | FORECAST 17-Dec | FORECAST PR 24-Dec | FORECAST 31-Dec |
|---|---|---|---|---|---|---|---|
| | Room Revenue | 30,000 | 22,000 | 22,000 | 22,000 | 22,000 | 22,000 |
| | From Receiver | 0 | 0 | 0 | 0 | 0 | 0 |
| | Misc Revenue | 198 | 170 | 170 | 170 | 170 | 170 |
| | Tax Revenue | 4,026 | 2,952 | 2,952 | 2,952 | 2,952 | 2,952 |
| **Total Receipts** | | **34,224** | **25,122** | **25,122** | **25,122** | **25,122** | **25,122** |
| **Payments** | | | | | | | |
| **OPERATING EXPENSES** | | | | | | | |
| | **COST OF SALES** | | | | | | |
| 4300 | Payroll - Front Desk | 6,800 | 0 | 6,800 | 0 | 6,800 | 0 |
| 4310 | Payroll - Housekeeping | 10,408 | 0 | 8,519 | 0 | 7,808 | 0 |
| 4320 | Payroll - Taxes & Benefits | 1,721 | 2,373 | 1,532 | 3,412 | 1,461 | 0 |
| 4330 | Payroll - Vacation/Holiday | 0 | 0 | 0 | 0 | 0 | 0 |
| 4335 | Payroll - Breakfast Host | 0 | 0 | 0 | 0 | 0 | 0 |
| 4340 | Payroll - Laundry | 0 | 0 | 0 | 0 | 0 | 0 |
| 4345 | Payroll - Training | 0 | 0 | 0 | 0 | 0 | 0 |
| 4360 | Payroll - Van/Security | 0 | 0 | 0 | 0 | 0 | 0 |
| 4400 | Guest Supplies | 1,128 | 636 | 786 | 826 | 486 | 486 |
| 4420 | Linen Replacement | 728 | 518 | 1,352 | 660 | 0 | 1,320 |
| 4430 | Laundry | 240 | 240 | 140 | 160 | 120 | 160 |
| 4435 | Valet Expense | 0 | 0 | 0 | 0 | 0 | 0 |
| 4440 | Cleaning Supplies | 762 | 784 | 256 | 256 | 256 | 286 |
| 4450 | Contract Cleaning | 800 | 808 | 500 | 0 | 0 | 0 |
| 4455 | Van Expense | 20 | 0 | 0 | 20 | 0 | 0 |
| 4460 | Other Supplies | 0 | 0 | 0 | 0 | 0 | 0 |
| 4470 | T/A Commissions | 2,142 | 0 | 441 | 880 | 0 | 0 |
| 4475 | Walk Expense | 0 | 0 | 0 | 0 | 0 | 0 |
| 4480 | Reservation Equipment | 721 | 0 | 0 | 740 | 0 | 0 |
| 4500 | Reservation Assessment | 5,722 | 0 | 0 | 5,630 | 0 | 0 |
| 4510 | Uniforms | 100 | 200 | 0 | 300 | 0 | 0 |
| 4520 | Cable Television | 0 | 1,853 | 1,798 | 0 | 0 | 0 |
| 4600 | Telephone - Local | 0 | 700 | 1,310 | 0 | 0 | 0 |
| 4610 | Telephone - Long Distance | 7 | 0 | 0 | 7 | 0 | 0 |
| 4615 | High Speed Internet | 322 | 0 | 250 | 0 | 0 | 20 |
| 4620 | Equipment Rental | 0 | 0 | 0 | 0 | 0 | 0 |
| 4630 | Security | 0 | 0 | 0 | 0 | 0 | 0 |
| 4700 | Vending Supplies | 0 | 0 | 0 | 500 | 0 | 0 |
| 4710 | Keys | 0 | 0 | 0 | 100 | 0 | 0 |
| 4720 | Fax Machine | 0 | 0 | 0 | 0 | 0 | 0 |
| 4730 | Copy Machine | 0 | 0 | 0 | 0 | 0 | 0 |
| 4740 | Miscellaneous | 0 | 800 | 0 | 0 | 0 | 800 |
| 4750 | Movies | 0 | 0 | 0 | 0 | 0 | 0 |
| 4755 | Meeting Room Food Costs | 0 | 0 | 0 | 0 | 0 | 0 |
| 4760 | Breakfast Expense | 2,060 | 1,360 | 1,360 | 1,360 | 1,360 | 1,210 |
| 4835 | Audio - Visual | 0 | 0 | 0 | 0 | 0 | 0 |
| | **TOTAL COST OF SALES** | **33,680** | **10,272** | **25,043** | **14,851** | **18,291** | **4,282** |
| | **GENERAL AND ADMINISTRATIVE** | | | | | | |
| 5000 | Payroll - Administrative | 3,500 | 0 | 3,500 | 0 | 3,500 | 0 |
| 5005 | Payroll - Corporate Admin. | 0 | 0 | 0 | 0 | 0 | 0 |
| 5010 | Payroll - Hourly | 1,400 | 0 | 1,400 | 0 | 1,400 | 0 |
| 5020 | Payroll - Taxes & Benefits | 490 | 593 | 490 | 443 | 490 | 0 |
| 5030 | Payroll - Vacation/Holiday | 0 | 0 | 0 | 0 | 0 | 0 |
| 5050 | Accounting Fees | 0 | 0 | 0 | 0 | 0 | 0 |
| 5060 | Dues & Subscriptions | 0 | 0 | 0 | 0 | 0 | 0 |
| 5070 | Reproduction | 0 | 0 | 0 | 0 | 0 | 0 |
| 5090 | Bad Debts | 0 | 0 | 0 | 0 | 0 | 0 |

1 of 12



EXHIBIT
tabbies
A

11/21/2011 4:25 PM

**2241 Elkhorn Lexington LP - Best Western & Baymont**
**Cash Flow Budget**

| | | FORECAST | FORECAST | FORECAST | FORECAST | FORECAST | FORECAST |
|---|---|---|---|---|---|---|---|
| | | | | PR | | PR | |
| Week ending: | | 26-Nov | 3-Dec | 10-Dec | 17-Dec | 24-Dec | 31-Dec |
| 5100 | Bank Service Charges | 0 | 0 | 0 | 0 | 0 | 0 |
| 5110 | Cash Over/Short | (1,599) | 0 | 0 | 0 | 0 | 0 |
| 5120 | Credit Card Discounts | 0 | 3,221 | 0 | 0 | 0 | 0 |
| 5122 | Donations | 0 | 0 | 0 | 0 | 0 | 0 |
| 5125 | Entertainment | 0 | 0 | 0 | 0 | 0 | 0 |
| 5130 | Franchise Fees | 4,172 | 0 | 0 | 3,150 | 0 | 0 |
| 5132 | Freight & Delivery | 0 | 0 | 0 | 0 | 0 | 0 |
| 5135 | Legal | 0 | 0 | 0 | 0 | 0 | 0 |
| 5138 | Licenses & Permits | 0 | 0 | 0 | 0 | 0 | 0 |
| 5140 | Professional Fees | 0 | 0 | 0 | 56,254 | 0 | 0 |
| 5145 | Payroll Processing | 240 | 0 | 250 | 0 | 250 | 0 |
| 5148 | Penalties & Late Fees | 0 | 0 | 0 | 0 | 0 | 0 |
| 5150 | Postage | 20 | 30 | 30 | 30 | 30 | 30 |
| 5160 | Printing & Office Supplies | 572 | 200 | 200 | 200 | 200 | 220 |
| 5165 | Telephone/Communications | 0 | 0 | 75 | 0 | 0 | 0 |
| 5170 | Travel & Training | 0 | 0 | 0 | 0 | 0 | 0 |
| 5175 | Recruitment | 0 | 0 | 0 | 0 | 0 | 0 |
| 5180 | Chargebacks | 0 | 150 | 0 | 0 | 0 | 0 |
| 5185 | Guest Refunds | 0 | 100 | 0 | 0 | 0 | 0 |
| 5190 | Miscellaneous | 200 | 0 | 0 | 0 | 200 | 0 |
| | **TOTAL GENERAL AND ADMINISTRATIV** | **8,994** | **4,294** | **5,945** | **60,077** | **6,070** | **250** |
| | | | | | | | |
| | **ADVERTISING AND PROMOTION** | | | | | | |
| 6000 | Payroll - Administrative | 0 | 0 | 0 | 0 | 0 | 0 |
| 6010 | Payroll - Hourly | 0 | 0 | 0 | 0 | 0 | 0 |
| 6020 | Payroll - Taxes & Benefits | 0 | 0 | 0 | 0 | 0 | 0 |
| 6030 | Payroll - Vacation/Holiday | 0 | 0 | 0 | 0 | 0 | 0 |
| 6050 | Brochures | 0 | 0 | 0 | 0 | 0 | 0 |
| 6060 | Newspapers & Magazines | 307 | 307 | 403 | 307 | 0 | 0 |
| 6070 | Radio/TV/Internet | 0 | 0 | 0 | 0 | 0 | 0 |
| 6080 | Direct Mail | 0 | 0 | 0 | 0 | 0 | 0 |
| 6090 | Telephone | 0 | 0 | 0 | 0 | 0 | 0 |
| 6095 | Postage | 0 | 0 | 0 | 0 | 0 | 0 |
| 6100 | Outdoor Signs | 0 | 0 | 0 | 0 | 0 | 0 |
| 6110 | Best Western Master | (1,159) | 0 | 0 | (1,000) | 0 | 0 |
| 6115 | Best Western Checks | 0 | 0 | 0 | 0 | 0 | 0 |
| 6120 | Marketing Assessments | 3,375 | 0 | 0 | 3,160 | 0 | 0 |
| 6130 | Special Programs | 0 | 0 | 0 | 0 | 0 | 0 |
| 6140 | Frequent Travelers | 3,420 | 0 | 0 | 2,353 | 0 | 0 |
| 6150 | General Promotion | 0 | 0 | 0 | 0 | 0 | 0 |
| 6160 | Miscellaneous | 0 | 0 | 0 | 0 | 0 | 0 |
| 6170 | Travel/Meals | 0 | 0 | 0 | 0 | 0 | 0 |
| | **TOTAL ADVERTISING AND PROMOTIO** | **5,943** | **307** | **403** | **4,820** | **0** | **0** |
| | | | | | | | |
| | **UTILITIES** | | | | | | |
| 7000 | Electricity | 0 | 8,800 | 0 | 0 | 0 | 8,800 |
| 7010 | Fuel & Gas | 0 | 4,000 | 0 | 0 | 0 | 4,000 |
| 7020 | Water & Sewer | 0 | 8,237 | 0 | 4 | 0 | 8,237 |
| 7030 | Trash | 0 | 1,050 | 96 | 0 | 0 | 1,050 |
| 7040 | Other Utilities | 0 | 0 | 0 | 0 | 0 | 0 |
| | **TOTAL UTILITIES** | **0** | **22,087** | **96** | **4** | **0** | **22,087** |
| | | | | | | | |
| | **REPAIRS & MAINTENANCE** | | | | | | |
| 8000 | Payroll - Administrative | 0 | 0 | 0 | 0 | 0 | 0 |
| 8010 | Payroll - Hourly | 3,200 | 0 | 4,600 | 0 | 4,600 | 0 |
| 8020 | Payroll - Taxes & Benefits | 320 | 593 | 460 | 576 | 460 | 0 |
| 8030 | Payroll - Vacation/Holiday | 0 | 0 | 0 | 0 | 0 | 0 |
| 8035 | Payroll Allocation | 0 | 0 | 0 | 0 | 0 | 0 |
| 8040 | Building | 700 | 600 | 900 | 600 | 900 | 600 |
| 8050 | Laundry Equipment | 150 | 0 | 0 | 0 | 150 | 0 |

11/21/2011 4:25 PM

**2241 Elkhorn Lexington LP - Best Western & Baymont**
**Cash Flow Budget**

| | | FORECAST | FORECAST | FORECAST PR 10-Dec | FORECAST 17-Dec | FORECAST PR 24-Dec | FORECAST 31-Dec |
|---|---|---|---|---|---|---|---|
| Week ending: | | 26-Nov | 3-Dec | 10-Dec | 17-Dec | 24-Dec | 31-Dec |
| 8060 | Electrical | 100 | 0 | 0 | 0 | 100 | 0 |
| 8070 | HVAC | 0 | 0 | 0 | 0 | 0 | 0 |
| 8080 | Plumbing | 400 | 0 | 500 | 0 | 500 | 0 |
| 8090 | Swimming Pool | 350 | 0 | 0 | 0 | 350 | 0 |
| 8100 | Grounds | 1,967 | 1,600 | 0 | 0 | 0 | 0 |
| 8110 | Signs | 0 | 0 | 0 | 0 | 0 | 0 |
| 8120 | Rooms Equipment | 212 | 580 | 1,280 | 280 | 141 | 112 |
| 8125 | Telephone Equipment | 255 | 0 | 0 | 0 | 0 | 0 |
| 8130 | Small Tools/Equipment | 25 | 0 | 25 | 0 | 25 | 0 |
| 8140 | Pest Control | 650 | 975 | 0 | 0 | 75 | 0 |
| 8150 | Uniforms | 50 | 100 | 25 | 25 | 50 | 25 |
| 8160 | Maintenance Contracts | 240 | 0 | 0 | 0 | 0 | 0 |
| 8170 | Equipment/Storage Rental | 125 | 0 | 0 | 0 | 125 | 0 |
| 8180 | Miscellaneous | 1,000 | 0 | 0 | 0 | 1,000 | 0 |
| | **TOTAL REPAIRS & MAINTENANCE** | **9,745** | **4,448** | **7,790** | **1,481** | **8,476** | **737** |
| | | | | | | | |
| | **FIXED EXPENSES** | | | | | | |
| 9000 | Insurance | 0 | 0 | 0 | 3,664 | 0 | 0 |
| 9010 | Taxes - R. E. Reserve | 0 | 0 | 0 | 0 | 0 | 85,987 |
| 9011 | Taxes - P. P. Reserve | 0 | 0 | 0 | 0 | 0 | 7,187 |
| 9015 | Legal expenses - property tax | 0 | 0 | 0 | 0 | 0 | 0 |
| 9020 | FF&E Reserve | 0 | 0 | 0 | 0 | 0 | 0 |
| 9025 | Management fees | 0 | 4,170 | 0 | 0 | 0 | 0 |
| | **TOTAL FIXED EXPENSES** | **0** | **4,170** | **0** | **3,664** | **0** | **93,175** |
| | | | | | | | |
| | **OTHER INCOME/EXPENSES** | | | | | | |
| 9040 | Interest Expense | 0 | 0 | 0 | 0 | 0 | 0 |
| 9041 | Interest Expense Other | 0 | 0 | 0 | 0 | 0 | 0 |
| | **TOTAL INCOME/EXPENSES** | **0** | **0** | **0** | **0** | **0** | **0** |
| | | | | | | | |
| **NECESSARY CAPITAL EXPENDITURES** | | | | | | | |
| | **FIXED ASSETS** | | | | | | |
| 1500 | Land | 0 | 0 | 0 | 0 | 0 | 0 |
| 1510 | Building | 0 | 0 | 0 | 0 | 0 | 0 |
| 1520 | Furn. Fixt. & Equipment | 0 | 0 | 0 | 0 | 0 | 0 |
| | **TOTAL CAPITAL EXPENDITURES** | **0** | **0** | **0** | **0** | **0** | **0** |
| | | | | | | | |
| **VENDOR SECURITY DEPOSITS** | | | | | | | |
| 1700 | Vendor Security Deposits | 0 | 0 | 0 | 0 | 0 | 0 |
| | | | | | | | |
| **SALES TAX PAYMENTS** | | | | | | | |
| 2220 | Sales Tax Payable | 0 | 0 | 0 | 10,336 | 0 | 0 |
| 2230 | Lodging Tax Payable | 0 | 0 | 0 | 11,270 | 0 | 0 |
| | | | | | | | |
| | To Fund MOA DIP account | 0 | 0 | 0 | 0 | 0 | 0 |
| | | | | | | | |
| | Additional (explain) | 0 | 0 | 0 | 0 | 0 | 0 |
| | | | | | | | |
| | Lender Funding | (50,000) | 0 | 0 | 0 | 0 | 0 |
| | | | | | | | |
| | Additional (explain) | 5,000 | 0 | 0 | 0 | 0 | 0 |
| | | | | | | | |
| | **Total Payments** | **13,361** | **45,578** | **39,277** | **106,503** | **32,837** | **120,531** |
| | | | | | | | |
| | **Cashflow Surplus/Deficit (-)** | **20,863** | **(20,456)** | **(14,155)** | **(81,380)** | **(7,715)** | **(95,408)** |
| | | | | | | | |
| | **Opening Cash Balance** | **7,598** | **28,461** | **8,005** | **(6,150)** | **(87,530)** | **(95,245)** |
| | | | | | | | |
| | **Closing Cash Balance** | **28,461** | **8,005** | **(6,150)** | **(87,530)** | **(95,245)** | **(190,653)** |

Date: 11/21/2011 4:25 PM                                                                          DRAFT

**Best Western Regency**
**Cash Flow Budget**

| | | FORECAST | FORECAST | FORECAST | FORECAST | FORECAST | FORECAST |
|---|---|---|---|---|---|---|---|
| | | | | PR | | PR | |
| Week ending: | | 26-Nov | 3-Dec | 10-Dec | 17-Dec | 24-Dec | 31-Dec |
| | Room Revenue / Total Receipts | 16,000 | 12,000 | 12,000 | 12,000 | 12,000 | 12,000 |
| | From Receiver | | | | | | |
| | Misc Revenue | 100 | 100 | 100 | 100 | 100 | 100 |
| | Tax Revenue | 2,147 | 1,610 | 1,610 | 1,610 | 1,610 | 1,610 |
| **Total Receipts** | | **18,247** | **13,710** | **13,710** | **13,710** | **13,710** | **13,710** |
| **Payments** | | | | | | | |
| OPERATING EXPENSES | | | | | | | |
| | COST OF SALES | | | | | | |
| 4300 | Payroll - Front Desk | 3,600 | | 3,600 | | 3,600 | |
| 4310 | Payroll - Housekeeping | 6,275 | | 5,111 | | 4,723 | |
| 4320 | Payroll - Taxes & Benefits | 987 | 2,373 | 871 | 1,787 | 832 | |
| 4330 | Payroll - Vacation/Holiday | | | | | | |
| 4335 | Payroll - Breakfast Host | | | | | | |
| 4340 | Payroll - Laundry | | | | | | |
| 4345 | Payroll - Training | | | | | | |
| 4360 | Payroll - Van/Security | | | | | | |
| 4400 | Guest Supplies | 698 | 336 | 336 | 336 | 336 | 336 |
| 4420 | Linen Replacement | 728 | | 1,020 | | | 720 |
| 4430 | Laundry | 200 | | 140 | | 120 | |
| 4435 | Valet Expense | | | | | | |
| 4440 | Cleaning Supplies | 622 | 684 | 156 | 156 | 156 | 156 |
| 4450 | Contract Cleaning | 800 | 808 | | | | |
| 4455 | Van Expense | 20 | | | 20 | | |
| 4460 | Other Supplies | | | | | | |
| 4470 | T/A Commissions | 1,222 | | | 880 | | |
| 4475 | Walk Expense | | | | | | |
| 4480 | Reservation Equipment | 146 | | | 165 | | |
| 4500 | Reservation Assessment | 4,887 | | | 5,000 | | |
| 4510 | Uniforms | 100 | 200 | | 100 | | |
| 4520 | Cable Television | | | 1,798 | | | |
| 4600 | Telephone - Local | | | 1,000 | | | |
| 4610 | Telephone - Long Distance | 7 | | | 7 | | |
| 4615 | High Speed Internet | 312 | | 250 | | | 10 |
| 4620 | Equipment Rental | | | | | | |
| 4630 | Security | | | | | | |
| 4700 | Vending Supplies | | | | 300 | | |
| 4710 | Keys | | | | 100 | | |
| 4720 | Fax Machine | | | | | | |
| 4730 | Copy Machine | | | | | | |
| 4740 | Miscellaneous | | 500 | | | | 500 |
| 4750 | Movies | | | | | | |
| 4755 | Meeting Room Food Costs | | | | | | |
| 4760 | Breakfast Expense | 880 | 660 | 660 | 660 | 660 | 660 |
| 4835 | Audio - Visual | | | | | | |
| | TOTAL COST OF SALES | 21,485 | 5,561 | 14,942 | 9,511 | 10,428 | 2,382 |
| | GENERAL AND ADMINISTRATIVE | | | | | | |
| 5000 | Payroll - Administrative | 2,192 | | 2,192 | | 2,192 | |
| 5005 | Payroll - Corporate Admin. | | | | | | |
| 5010 | Payroll - Hourly | | | | | | |
| 5020 | Payroll - Taxes & Benefits | 219 | | 219 | 232 | 219 | |
| 5030 | Payroll - Vacation/Holiday | | | | | | |
| 5050 | Accounting Fees | | | | | | |
| 5060 | Dues & Subscriptions | | | | | | |
| 5070 | Reproduction | | | | | | |
| 5090 | Bad Debts | | | | | | |
| 5100 | Bank Service Charges | | | | | | |
| 5110 | Cash Over/Short | | | | | | |

Date: 11/21/2011  4:25 PM                                                    DRAFT

**Best Western Regency**
**Cash Flow Budget**

| | | FORECAST | FORECAST | FORECAST PR | FORECAST | FORECAST PR | FORECAST |
|---|---|---|---|---|---|---|---|
| **Week ending:** | | 26-Nov | 3-Dec | 10-Dec | 17-Dec | 24-Dec | 31-Dec |
| 5120 | Credit Card Discounts | | 1,520 | | | | |
| 5122 | Donations | | | | | | |
| 5125 | Entertainment | | | | | | |
| 5130 | Franchise Fees | | | | | | |
| 5132 | Freight & Delivery | | | | | | |
| 5135 | Legal | | | | | | |
| 5138 | Licenses & Permits | | | | | | |
| 5140 | Professional Fees | | | | 28,127 | | |
| 5145 | Payroll Processing | 240 | | 250 | | 250 | |
| 5148 | Penalties & Late Fees | | | | | | |
| 5150 | Postage | 10 | 20 | 20 | 20 | 20 | 20 |
| 5160 | Printing & Office Supplies | 460 | 120 | 120 | 120 | 120 | 120 |
| 5165 | Telephone/Communications | | | | | | |
| 5170 | Travel & Training | | | | | | |
| 5175 | Recruitment | | | | | | |
| 5180 | Chargebacks | | | | | | |
| 5185 | Guest Refunds | | | | | | |
| 5190 | Miscellaneous | | | | | | |
| | **TOTAL GENERAL AND ADMINISTRATIVE** | **3,121** | **1,660** | **2,801** | **28,499** | **2,801** | **140** |
| | | | | | | | |
| | **ADVERTISING AND PROMOTION** | | | | | | |
| 6000 | Payroll - Administrative | | | | | | |
| 6010 | Payroll - Hourly | | | | | | |
| 6020 | Payroll - Taxes & Benefits | | | | | | |
| 6030 | Payroll - Vacation/Holiday | | | | | | |
| 6050 | Brochures | | | | | | |
| 6060 | Newspapers & Magazines | | 307 | 355 | | | |
| 6070 | Radio/TV/Internet | | | | | | |
| 6080 | Direct Mail | | | | | | |
| 6090 | Telephone | | | | | | |
| 6095 | Postage | | | | | | |
| 6100 | Outdoor Signs | | | | | | |
| 6110 | Best Western Master | (1,159) | | | (1,000) | | |
| 6115 | Best Western Checks | | | | | | |
| 6120 | Marketing Assessments | 1,706 | | | 1,900 | | |
| 6130 | Special Programs | | | | | | |
| 6140 | Frequent Travelers | 1,832 | | | 1,408 | | |
| 6150 | General Promotion | | | | | | |
| 6160 | Miscellaneous | | | | | | |
| 6170 | Travel/Meals | | | | | | |
| | **TOTAL ADVERTISING AND PROMOTION** | **2,379** | **307** | **355** | **2,308** | **0** | **0** |
| | | | | | | | |
| | **UTILITIES** | | | | | | |
| 7000 | Electricity | | 4,400 | | | | 4,400 |
| 7010 | Fuel & Gas | | 2,000 | | | | 2,000 |
| 7020 | Water & Sewer | | 4,500 | | | | 4,500 |
| 7030 | Trash | | 575 | 48 | | | 575 |
| 7040 | Other Utilities | | | | | | |
| | **TOTAL UTILITIES** | **0** | **11,475** | **48** | **0** | **0** | **11,475** |
| | | | | | | | |
| | | | | | | | |
| 8000 | Payroll - Administrative | | | | | | |
| 8010 | Payroll - Hourly | 1,500 | | 2,300 | | 2,300 | |
| 8020 | Payroll - Taxes & Benefits | 150 | | 230 | 302 | 230 | |
| 8030 | Payroll - Vacation/Holiday | | | | | | |
| 8035 | Payroll Allocation | | | | | | |
| 8040 | Building | 200 | 600 | 600 | 600 | 600 | 600 |
| 8050 | Laundry Equipment | 0 | | | | 0 | |
| 8060 | Electrical | 100 | | | | 100 | |
| 8070 | HVAC | | | | | | |
| 8080 | Plumbing | 200 | | 300 | | 300 | |
| 8090 | Swimming Pool | | | | | | |

Date: 11/21/2011  4:25 PM　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　DRAFT

**Best Western Regency**
**Cash Flow Budget**

| | | FORECAST | FORECAST | FORECAST | FORECAST | FORECAST | FORECAST |
|---|---|---|---|---|---|---|---|
| | | | | PR | | PR | |
| Week ending: | | 26-Nov | 3-Dec | 10-Dec | 17-Dec | 24-Dec | 31-Dec |
| 8100 | Grounds | 290 | 1,600 | | | | |
| 8110 | Signs | | | | | | |
| 8120 | Rooms Equipment | 100 | 400 | 800 | 200 | 61 | 61 |
| 8125 | Telephone Equipment | 255 | | | | | |
| 8130 | Small Tools/Equipment | 25 | | 25 | | 25 | |
| 8140 | Pest Control | 75 | 900 | | | 75 | |
| 8150 | Uniforms | 25 | 100 | 25 | 25 | 25 | 25 |
| 8160 | Maintenance Contracts | 240 | | | | | |
| 8170 | Equipment/Storage Rental | 125 | | | | 125 | |
| 8180 | Miscellaneous | 500 | | | | 500 | |
| | **TOTAL REPAIRS & MAINTENANCE** | **3,785** | **3,600** | **4,280** | **1,127** | **4,341** | **686** |
| | | | | | | | |
| | **FIXED EXPENSES** | | | | | | |
| 9000 | Insurance | | | | 1,832 | | |
| 9010 | Taxes - R. E. | | | | | | 52,414 |
| 9011 | Taxes - P. P. | | | | | | 4,142 |
| 9015 | Legal expenses - property tax | | | | | | |
| 9020 | FF&E Reserve | | | | | | |
| 9025 | Management fees | | 2,280 | | | | |
| | **TOTAL FIXED EXPENSES** | **0** | **2,280** | **0** | **1,832** | **0** | **56,556** |
| | | | | | | | |
| | **OTHER INCOME/EXPENSES** | | | | | | |
| 9040 | Interest Expense | | | | | | |
| 9041 | Interest Expense Other | | | | | | |
| | **TOTAL INCOME/EXPENSES** | **0** | **0** | **0** | **0** | **0** | **0** |
| | | | | | | | |
| **NECESSARY CAPITAL EXPENDITURES** | | | | | | | |
| | **FIXED ASSETS** | | | | | | |
| 1500 | Land | | | | | | |
| 1510 | Building | | | | | | |
| 1520 | Furn. Fixt. & Equipment | | | | | | |
| | **TOTAL CAPITAL EXPENDITURES** | **0** | **0** | **0** | **0** | **0** | **0** |
| | | | | | | | |
| **VENDOR SECURITY DEPOSITS** | | | | | | | |
| 1700 | Vendor Security Deposits | | | | | | |
| | | | | | | | |
| **SALES TAX PAYMENTS** | | | | | | | |
| 2220 | Sales Tax Payable | | | | 5,650 | | |
| 2230 | Lodging Tax Payable | | | | 6,160 | | |
| | | | | | | | |
| | To Fund MOA DIP account | | | | | | |
| | | | | | | | |
| | Additional (explain) | | | | | | |
| | | | | | | | |
| | Lender Funding | (50,000) | | | | | |
| | | | | | | | |
| | Transfers to 5650 / BIS | 15,000 | | | | | |
| | | | | | | | |
| | **Total Payments** | **(4,230)** | **24,883** | **22,426** | **55,086** | **17,570** | **71,239** |
| | | | | | | | |
| | **Cashflow Surplus/Deficit (-)** | **22,477** | **(11,172)** | **(8,716)** | **(41,376)** | **(3,860)** | **(57,529)** |
| | | | | | | | |
| | **Opening Cash Balance** | **4,804** | **27,281** | **16,109** | **7,392** | **(33,984)** | **(37,843)** |
| | | | | | | | |
| | **Closing Cash Balance** | **27,281** | **16,109** | **7,392** | **(33,984)** | **(37,843)** | **(95,372)** |

Date: 11/21/2011 4:25 PM                                                                                          DRAFT

**Baymont Inn & Suites**
**Cash Flow Budget**

| Week ending: | | FORECAST 26-Nov | FORECAST 3-Dec | FORECAST PR 10-Dec | FORECAST 17-Dec | FORECAST PR 24-Dec | FORECAST 31-Dec |
|---|---|---|---|---|---|---|---|
| | Room Revenue / Total Receipts | 14,000 | 10,000 | 10,000 | 10,000 | 10,000 | 10,000 |
| | From Receiver | | | | | | |
| | Misc Revenue | 98 | 70 | 70 | 70 | 70 | 70 |
| | Tax Revenue | 1,879 | 1,342 | 1,342 | 1,342 | 1,342 | 1,342 |
| | | | | | | | |
| **Total Receipts** | | **15,977** | **11,412** | **11,412** | **11,412** | **11,412** | **11,412** |
| | | | | | | | |
| **Payments** | | | | | | | |
| | | | | | | | |
| **OPERATING EXPENSES** | | | | | | | |
| | **COST OF SALES** | | | | | | |
| 4300 | Payroll - Front Desk | 3,200 | | 3,200 | | 3,200 | |
| 4310 | Payroll - Housekeeping | 4,133 | | 3,407 | | 3,085 | |
| 4320 | Payroll - Taxes & Benefits | 733 | | 661 | 1,625 | 628 | |
| 4330 | Payroll - Vacation/Holiday | | | | | | |
| 4335 | Payroll - Breakfast Host | | | | | | |
| 4340 | Payroll - Laundry | | | | | | |
| 4345 | Payroll - Training | | | | | | |
| 4360 | Payroll - Van/Security | | | | | | |
| 4400 | Guest Supplies | 430 | 300 | 450 | 490 | 150 | 150 |
| 4420 | Linen Replacement | | 518 | 332 | 660 | | 600 |
| 4430 | Laundry | 40 | 240 | | 160 | | 160 |
| 4435 | Valet Expense | | | | | | |
| 4440 | Cleaning Supplies | 140 | 100 | 100 | 100 | 100 | 130 |
| 4450 | Contract Cleaning | | | 500 | | | |
| 4455 | Van Expense | | | | | | |
| 4460 | Other Supplies | | | | | | |
| 4470 | T/A Commissions | 920 | | 441 | | | |
| 4475 | Walk Expense | | | | | | |
| 4480 | Reservation Equipment | 575 | | | 575 | | |
| 4500 | Reservation Assessment | 834 | | | 630 | | |
| 4510 | Uniforms | | | | 200 | | |
| 4520 | Cable Television | | 1,853 | | | | |
| 4600 | Telephone - Local | | 700 | 310 | | | |
| 4610 | Telephone - Long Distance | | | | | | |
| 4615 | High Speed Internet | 10 | | | | | 10 |
| 4620 | Equipment Rental | | | | | | |
| 4630 | Security | | | | | | |
| 4700 | Vending Supplies | | | | 200 | | |
| 4710 | Keys | | | | | | |
| 4720 | Fax Machine | | | | | | |
| 4730 | Copy Machine | | | | | | |
| 4740 | Miscellaneous | | 300 | | | | 300 |
| 4750 | Movies | | | | | | |
| 4755 | Meeting Room Food Costs | | | | | | |
| 4760 | Breakfast Expense | 1,180 | 700 | 700 | 700 | 700 | 550 |
| 4835 | Audio - Visual | | | | | | |
| | **TOTAL COST OF SALES** | **12,195** | **4,711** | **10,101** | **5,340** | **7,863** | **1,900** |
| | | | | | | | |
| | **GENERAL AND ADMINISTRATIVE** | | | | | | |
| 5000 | Payroll - Administrative | 1,308 | | 1,308 | | 1,308 | |
| 5005 | Payroll - Corporate Admin. | | | | | | |
| 5010 | Payroll - Hourly | 1,400 | | 1,400 | | 1,400 | |
| 5020 | Payroll - Taxes & Benefits | 271 | 593 | 271 | 211 | 271 | |
| 5030 | Payroll - Vacation/Holiday | | | | | | |
| 5050 | Accounting Fees | | | | | | |
| 5060 | Dues & Subscriptions | | | | | | |
| 5070 | Reproduction | | | | | | |
| 5090 | Bad Debts | | | | | | |
| 5100 | Bank Service Charges | | | | | | |
| 5110 | Cash Over/Short | (1,599) | | | | | |

Date: 11/21/2011  4:25 PM                                                                                          DRAFT

**Baymont Inn & Suites**
**Cash Flow Budget**

| | | FORECAST | FORECAST | FORECAST PR | FORECAST | FORECAST PR | FORECAST |
|---|---|---|---|---|---|---|---|
| Week ending: | | 26-Nov | 3-Dec | 10-Dec | 17-Dec | 24-Dec | 31-Dec |
| 5120 | Credit Card Discounts | | 1,701 | | | | |
| 5122 | Donations | | | | | | |
| 5125 | Entertainment | | | | | | |
| 5130 | Franchise Fees | 4,172 | | | 3,150 | | |
| 5132 | Freight & Delivery | | | | | | |
| 5135 | Legal | | | | | | |
| 5138 | Licenses & Permits | | | | | | |
| 5140 | Professional Fees | | | | 28,127 | | |
| 5145 | Payroll Processing | | | | | | |
| 5148 | Penalties & Late Fees | | | | | | |
| 5150 | Postage | 10 | 10 | 10 | 10 | 10 | 10 |
| 5160 | Printing & Office Supplies | 112 | 80 | 80 | 80 | 80 | 100 |
| 5165 | Telephone/Communications | | | 75 | | | |
| 5170 | Travel & Training | | | | | | |
| 5175 | Recruitment | | | | | | |
| 5180 | Chargebacks | | 150 | | | | |
| 5185 | Guest Refunds | | 100 | | | | |
| 5190 | Miscellaneous | 200 | | | | 200 | |
| | **TOTAL GENERAL AND ADMINISTRATIV** | **5,873** | **2,634** | **3,144** | **31,578** | **3,269** | **110** |
| | | | | | | | |
| | **ADVERTISING AND PROMOTION** | | | | | | |
| 6000 | Payroll - Administrative | | | | | | |
| 6010 | Payroll - Hourly | | | | | | |
| 6020 | Payroll - Taxes & Benefits | | | | | | |
| 6030 | Payroll - Vacation/Holiday | | | | | | |
| 6050 | Brochures | | | | | | |
| 6060 | Newspapers & Magazines | 307 | | 48 | 307 | | |
| 6070 | Radio/TV/Internet | | | | | | |
| 6080 | Direct Mail | | | | | | |
| 6090 | Telephone | | | | | | |
| 6095 | Postage | | | | | | |
| 6100 | Outdoor Signs | | | | | | |
| 6110 | Best Western Master | | | | | | |
| 6115 | Best Western Checks | | | | | | |
| 6120 | Marketing Assessments | 1,669 | | | 1,260 | | |
| 6130 | Special Programs | | | | | | |
| 6140 | Frequent Travelers | 1,589 | | | 945 | | |
| 6150 | General Promotion | | | | | | |
| 6160 | Miscellaneous | | | | | | |
| 6170 | Travel/Meals | | | | | | |
| | **TOTAL ADVERTISING AND PROMOTIO** | **3,564** | **0** | **48** | **2,512** | **0** | **0** |
| | | | | | | | |
| | **UTILITIES** | | | | | | |
| 7000 | Electricity | | 4,400 | | | | 4,400 |
| 7010 | Fuel & Gas | | 2,000 | | | | 2,000 |
| 7020 | Water & Sewer | | 3,737 | | 4 | | 3,737 |
| 7030 | Trash | | 475 | 48 | | | 475 |
| 7040 | Other Utilities | | | | | | |
| | **TOTAL UTILITIES** | **0** | **10,612** | **48** | **4** | **0** | **10,612** |
| | | | | | | | |
| | **REPAIRS & MAINTENANCE** | | | | | | |
| 8000 | Payroll - Administrative | | | | | | |
| 8010 | Payroll - Hourly | 1,700 | | 2,300 | | 2,300 | |
| 8020 | Payroll - Taxes & Benefits | 170 | 593 | 230 | 274 | 230 | |
| 8030 | Payroll - Vacation/Holiday | | | | | | |
| 8035 | Payroll Allocation | | | | | | |
| 8040 | Building | 500 | | 300 | | 300 | |
| 8050 | Laundry Equipment | 150 | | | | 150 | |
| 8060 | Electrical | | | | | | |
| 8070 | HVAC | | | | | | |
| 8080 | Plumbing | 200 | | 200 | | 200 | |
| 8090 | Swimming Pool | 350 | | | | 350 | |

Date: 11/21/2011 4:25 PM                                                                                    DRAFT

**Baymont Inn & Suites**
**Cash Flow Budget**

| | | FORECAST | FORECAST | FORECAST | FORECAST | FORECAST | FORECAST |
|---|---|---|---|---|---|---|---|
| | | | | PR | | PR | |
| Week ending: | | 26-Nov | 3-Dec | 10-Dec | 17-Dec | 24-Dec | 31-Dec |
| 8100 | Grounds | 1,677 | | | | | |
| 8110 | Signs | | | | | | |
| 8120 | Rooms Equipment | 112 | 180 | 480 | 80 | 80 | 51 |
| 8125 | Telephone Equipment | | | | | | |
| 8130 | Small Tools/Equipment | | | | | | |
| 8140 | Pest Control | 575 | 75 | | | | |
| 8150 | Uniforms | 25 | | | | 25 | |
| 8160 | Maintenance Contracts | | | | | | |
| 8170 | Equipment/Storage Rental | | | | | | |
| 8180 | Miscellaneous | 500 | | | | 500 | |
| | **TOTAL REPAIRS & MAINTENANCE** | **5,959** | **848** | **3,510** | **354** | **4,135** | **51** |
| | | | | | | | |
| | **FIXED EXPENSES** | | | | | | |
| 9000 | Insurance | | | | 1,832 | | |
| 9010 | Taxes - R. E. Reserve | | | | | | 33,573 |
| 9011 | Taxes - P. P. Reserve | | | | | | 3,046 |
| 9015 | Legal expenses - property tax | | | | | | |
| 9020 | FF&E Reserve | | | | | | |
| 9025 | Management fees | | 1,890 | | | | |
| | **TOTAL FIXED EXPENSES** | **0** | **1,890** | **0** | **1,832** | **0** | **36,619** |
| | | | | | | | |
| | **OTHER INCOME/EXPENSES** | | | | | | |
| 9040 | Interest Expense | | | | | | |
| 9041 | Interest Expense Other | | | | | | |
| | **TOTAL INCOME/EXPENSES** | **0** | **0** | **0** | **0** | **0** | **0** |
| | | | | | | | |
| **NECESSARY CAPITAL EXPENDITURES** | | | | | | | |
| | **FIXED ASSETS** | | | | | | |
| 1500 | Land | | | | | | |
| 1510 | Building | | | | | | |
| 1520 | Furn. Fixt. & Equipment | | | | | | |
| | **TOTAL CAPITAL EXPENDITURES** | **0** | **0** | **0** | **0** | **0** | **0** |
| | | | | | | | |
| **VENDOR SECURITY DEPOSITS** | | | | | | | |
| 1700 | Vendor Security Deposits | | | | | | |
| **SALES TAX PAYMENTS** | | | | | | | |
| 2220 | Sales Tax Payable | | | | 4,687 | | |
| 2230 | Lodging Tax Payable | | | | 5,110 | | |
| | To Fund MOA DIP account | | | | | | |
| | Additional (explain) | | | | | | |
| | Lender Funding | | | | | | |
| | Transfers | (10,000) | | | | | |
| **Total Payments** | | 17,591 | 20,695 | 16,851 | 51,416 | 15,267 | 49,292 |
| **Cashflow Surplus/Deficit (-)** | | (1,614) | (9,283) | (5,439) | (40,004) | (3,855) | (37,880) |
| **Opening Cash Balance** | | 2,794 | 1,180 | (8,104) | (13,542) | (53,547) | (57,402) |
| **Closing Cash Balance** | | 1,180 | (8,104) | (13,542) | (53,547) | (57,402) | (95,281) |

Date: 11/21/2011 4:25 PM                                                   DRAFT

**5650 N Sheridan Corp - Holiday Inn Express**
**Cash Flow Budget**

| | | FORECAST | FORECAST | FORECAST PR | FORECAST | FORECAST PR | FORECAST |
|---|---|---|---|---|---|---|---|
| Week ending: | | 26-Nov | 3-Dec | 10-Dec | 17-Dec | 24-Dec | 31-Dec |
| | Room Revenue | 3,000 | 2,000 | 2,000 | 2,000 | 2,000 | 2,000 |
| | From Receiver | | | | | | |
| | Misc Revenue | 24 | 16 | 16 | 16 | 16 | 16 |
| | Tax Revenue | 403 | 268 | 268 | 268 | 268 | 268 |
| **Total Receipts** | | **3,427** | **2,284** | **2,284** | **2,284** | **2,284** | **2,284** |
| **Payments** | | | | | | | |
| **OPERATING EXPENSES** | | | | | | | |
| | **COST OF SALES** | | | | | | |
| 4300 | Payroll - Front Desk | 3,200 | | 3,200 | | 3,200 | |
| 4310 | Payroll - Housekeeping | 1,636 | | 1,360 | | 1,268 | |
| 4320 | Payroll - Taxes & Benefits | 484 | 1,186 | 456 | 1,029 | 447 | |
| 4330 | Payroll - Vacation/Holiday | | | | | | |
| 4335 | Payroll - Breakfast Host | | | | | | |
| 4340 | Payroll - Laundry | | | | | | |
| 4345 | Payroll - Training | | | | | | |
| 4360 | Payroll - Van/Security | | | | | | |
| 4400 | Guest Supplies | 95 | 370 | 50 | 50 | 50 | 50 |
| 4420 | Linen Replacement | 90 | 240 | 60 | 60 | 60 | 60 |
| 4430 | Laundry | 36 | 24 | 24 | 24 | 24 | 24 |
| 4435 | Valet Expense | | | | | | |
| 4440 | Cleaning Supplies | 27 | 98 | 18 | 18 | 18 | 18 |
| 4450 | Contract Cleaning | | | | | | |
| 4455 | Van Expense | | | | | | |
| 4460 | Other Supplies | | | | | | |
| 4470 | T/A Commissions | | | | | | |
| 4475 | Walk Expense | | | | | | |
| 4480 | Reservation Equipment | | | | | | |
| 4500 | Reservation Assessment | | | | | | |
| 4510 | Uniforms | | 100 | | | | |
| 4520 | Cable Television | | 991 | | | | |
| 4600 | Telephone - Local | | 950 | | | | |
| 4610 | Telephone - Long Distance | | 10 | | | | |
| 4615 | High Speed Internet | | 248 | | | | 10 |
| 4620 | Equipment Rental | | | | | | |
| 4630 | Security | | | | | | |
| 4700 | Vending Supplies | 100 | | | | 100 | |
| 4710 | Keys | | | | | | |
| 4720 | Fax Machine | | | | | | |
| 4730 | Copy Machine | | | | | | |
| 4740 | Miscellaneous | | 100 | | | | |
| 4750 | Movies | | | | | | |
| 4755 | Meeting Room Food Costs | | | | | | |
| 4760 | Breakfast Expense | 360 | 340 | 240 | 240 | 240 | 240 |
| 4835 | Audio - Visual | | | | | | |
| | **TOTAL COST OF SALES** | **6,027** | **4,657** | **5,408** | **1,421** | **5,407** | **402** |
| | **GENERAL AND ADMINISTRATIVE** | | | | | | |
| 5000 | Payroll - Administrative | 1,385 | | 1,385 | | 1,385 | |
| 5005 | Payroll - Corporate Admin. | | 1,304 | (1,304) | | | |
| 5010 | Payroll - Hourly | | | | | | |
| 5020 | Payroll - Taxes & Benefits | 139 | | 139 | 134 | 139 | |
| 5030 | Payroll - Vacation/Holiday | | | | | | |
| 5050 | Accounting Fees | | | | | | |
| 5060 | Dues & Subscriptions | | | | | | |
| 5070 | Reproduction | | | | | | |
| 5090 | Bad Debts | | | | | | |
| 5100 | Bank Service Charges | | | | | | |
| 5110 | Cash Over/Short | | | | | | |

Date: 11/21/2011  4:25 PM                                                                            DRAFT

**5650 N Sheridan Corp - Holiday Inn Express**
**Cash Flow Budget**

| | | FORECAST | FORECAST | FORECAST | FORECAST | FORECAST | FORECAST |
|---|---|---|---|---|---|---|---|
| | | | | PR | | PR | |
| Week ending: | | 26-Nov | 3-Dec | 10-Dec | 17-Dec | 24-Dec | 31-Dec |
| 5120 | Credit Card Discounts | | 615 | | | | |
| 5122 | Donations | | | | | | |
| 5125 | Entertainment | | | | | | |
| 5130 | Franchise Fees | | | | | | |
| 5132 | Freight & Delivery | | | | | | |
| 5135 | Legal | | | | | | |
| 5138 | Licenses & Permits | | | | | | |
| 5140 | Professional Fees | | | | 39,673 | | |
| 5145 | Payroll Processing | 150 | | 150 | | 150 | |
| 5148 | Penalties & Late Fees | | | | | | |
| 5150 | Postage | 5 | | | | | |
| 5160 | Printing & Office Supplies | 15 | 10 | 10 | 10 | 10 | 10 |
| 5165 | Telephone/Communications | 100 | | | | 100 | |
| 5170 | Travel & Training | | | | | | |
| 5175 | Recruitment | | | | | | |
| 5180 | Chargebacks | | | | | | |
| 5185 | Guest Refunds | | | | | | |
| 5190 | Miscellaneous | 100 | | | | 100 | |
| | **TOTAL GENERAL AND ADMINISTRATIV** | **1,894** | **1,929** | **379** | **39,817** | **1,884** | **10** |
| | | | | | | | |
| | **ADVERTISING AND PROMOTION** | | | | | | |
| 6000 | Payroll - Administrative | | | | | | |
| 6010 | Payroll - Hourly | | | | | | |
| 6020 | Payroll - Taxes & Benefits | | | | | | |
| 6030 | Payroll - Vacation/Holiday | | | | | | |
| 6050 | Brochures | | | | | | |
| 6060 | Newspapers & Magazines | 306 | | 48 | | 306 | |
| 6070 | Radio/TV/Internet | | | | | | |
| 6080 | Direct Mail | | | | | | |
| 6090 | Telephone | | | | | | |
| 6095 | Postage | | | | | | |
| 6100 | Outdoor Signs | | | | | | |
| 6110 | Best Western Master | | | | | | |
| 6115 | Best Western Checks | | | | | | |
| 6120 | Marketing Assessments | | | | | | |
| 6130 | Special Programs | | | | | | |
| 6140 | Frequent Travelers | | | | | | |
| 6150 | General Promotion | | | | | | |
| 6160 | Miscellaneous | | | | | | |
| 6170 | Travel/Meals | | | | | | |
| | **TOTAL ADVERTISING AND PROMOTIO** | **306** | **0** | **48** | **0** | **306** | **0** |
| | | | | | | | |
| | **UTILITIES** | | | | | | |
| 7000 | Electricity | | 3,300 | | | | 3,300 |
| 7010 | Fuel & Gas | | 1,150 | | | | 1,150 |
| 7020 | Water & Sewer | | 2,000 | | | | 2,000 |
| 7030 | Trash | | 115 | 7 | | | 115 |
| 7040 | Other Utilities | | | | | | |
| | **TOTAL UTILITIES** | **0** | **6,565** | **7** | **0** | **0** | **6,565** |
| | | | | | | | |
| | **REPAIRS & MAINTENANCE** | | | | | | |
| 8000 | Payroll - Administrative | | | | | | |
| 8010 | Payroll - Hourly | 700 | | 700 | | 700 | |
| 8020 | Payroll - Taxes & Benefits | 70 | | 70 | 174 | 70 | |
| 8030 | Payroll - Vacation/Holiday | | | | | | |
| 8035 | Payroll Allocation | | | | | | |
| 8040 | Building | 100 | | | | 100 | |
| 8050 | Laundry Equipment | 150 | | | | 150 | |
| 8060 | Electrical | | | | | | |
| 8070 | HVAC | | | | | | |
| 8080 | Plumbing | | | | | | |

Date: 11/21/2011 4:25 PM                                                                    DRAFT

**5650 N Sheridan Corp - Holiday Inn Express**
**Cash Flow Budget**

| | | FORECAST | FORECAST | FORECAST | FORECAST | FORECAST | FORECAST |
|---|---|---|---|---|---|---|---|
| | | | | PR | | PR | |
| Week ending: | | 26-Nov | 3-Dec | 10-Dec | 17-Dec | 24-Dec | 31-Dec |
| 8090 | Swimming Pool | 350 | | | | 350 | |
| 8100 | Grounds | | 1,000 | 250 | | | |
| 8110 | Signs | | | | | | |
| 8120 | Rooms Equipment | 24 | 16 | 16 | 16 | 16 | 16 |
| 8125 | Telephone Equipment | | | | | | |
| 8130 | Small Tools/Equipment | 25 | | | | 25 | |
| 8140 | Pest Control | 95 | | | | 95 | |
| 8150 | Uniforms | | | | | | |
| 8160 | Maintenance Contracts | | 230 | | | | |
| 8170 | Equipment/Storage Rental | | | | | | |
| 8180 | Miscellaneous | 500 | | | | 500 | |
| | **TOTAL REPAIRS & MAINTENANCE** | **2,014** | **1,246** | **1,036** | **190** | **2,006** | **16** |
| | | | | | | | |
| | **FIXED EXPENSES** | | | | | | |
| 9000 | Insurance | | | | 1,357 | | |
| 9010 | Taxes - R. E. Reserve | | | | | | 38,049 |
| 9011 | Taxes - P. P. Reserve | | | | | | 3,109 |
| 9015 | Legal expenses - property tax | | | | | | |
| 9020 | FF&E Reserve | | | | | | |
| 9025 | Management fees | | 450 | | | | |
| | **TOTAL FIXED EXPENSES** | **0** | **450** | **0** | **1,357** | **0** | **41,159** |
| | | | | | | | |
| | **OTHER INCOME/EXPENSES** | | | | | | |
| 9040 | Interest Expense | | | | | | |
| 9041 | Interest Expense Other | | | | | | |
| | **TOTAL INCOME/EXPENSES** | **0** | **0** | **0** | **0** | **0** | **0** |
| | | | | | | | |
| **NECESSARY CAPITAL EXPENDITURES** | | | | | | | |
| | **FIXED ASSETS** | | | | | | |
| 1500 | Land | | | | | | |
| 1510 | Building | | | | | | |
| 1520 | Furn. Fixt. & Equipment | | | | | | |
| | **TOTAL CAPITAL EXPENDITURES** | **0** | **0** | **0** | **0** | **0** | **0** |
| | | | | | | | |
| **VENDOR SECURITY DEPOSITS** | | | | | | | |
| 1700 | Vendor Security Deposits | | | | | | |
| | | | | | | | |
| **SALES TAX PAYMENTS** | | | | | | | |
| 2220 | Sales Tax Payable | 1,419 | | | 1,091 | | |
| 2230 | Lodging Tax Payable | 1,572 | | | 1,190 | | |
| | | | | | | | |
| | Name Change | | | | | | |
| | | | | | | | |
| | To Fund MOA DIP account | | | | | | |
| | | | | | | | |
| | Lender Funding | | | | | | |
| | | | | | | | |
| | Transfers (from 2241) | (5,000) | | | | | |
| | **Total Payments** | **8,232** | **14,848** | **6,878** | **45,066** | **9,602** | **48,152** |
| | | | | | | | |
| | **Cashflow Surplus/Deficit (-)** | **(4,805)** | **(12,563)** | **(4,594)** | **(42,782)** | **(7,318)** | **(45,867)** |
| | | | | | | | |
| | **Opening Cash Balance** | **6,605** | **1,800** | **(10,764)** | **(15,357)** | **(58,139)** | **(65,457)** |
| | | | | | | | |
| | **Closing Cash Balance** | **1,800** | **(10,764)** | **(15,357)** | **(58,139)** | **(65,457)** | **(111,324)** |