**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Chapter 11 |
| 2241 ELKHORN LEXINGTON, L.P. | ) | |
| | ) | Case No. 10-34271 |
| Debtor | ) | Hon. Pamela Hollis |
| | ) | |
| | ) | Date:  January 26, 2012 |
| | ) | Time: 10:00 a.m. |

**NOTICE OF MOTION**

TO:    See Attached Service List

   PLEASE TAKE NOTICE that on January 26, 2012 at 10:00 a.m. or as soon thereafter as counsel may be heard, I shall appear before the Honorable Pamela S. Hollis, Bankruptcy Judge, in Courtroom 644 of the U.S. Courthouse, 219 South Dearborn Street, Chicago, Illinois, or in her absence, before such other Judge who may be sitting in her place and stead and hearing bankruptcy motions, and shall then and there present JOINT MOTION OF THE DEBTORS AND THE SECURED LENDER TO AUTHORIZE THE DEBTOR TO EFFECTUATE THE TERMS OF THE FINAL FINANCING ORDER, a copy of which is attached and herewith served upon you, and shall pray for the entry of an order in conformity with the prayer of said pleading.

   AT WHICH TIME AND PLACE you may appear if you so see fit.

                    2241 ELKHORN LEXINGTON, L.P.

                    By:    /s/Richard H. Fimoff
                                 One of its Attorneys


Richard H. Fimoff (ARDC no. 804886)
Robbins, Salomon & Patt, Ltd.
25 E. Washington Street, Suite 1000
Chicago, Illinois 60602
Telephone: (312) 782-9000
rfimoff@rsplaw.com

GL0115

# **CERTIFICATE OF SERVICE**

     Richard H. Fimoff certifies that on January 20, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Leslie Allen Bayles    leslie.bayles@bryancave.com
Aaron Davis    aaron.davis@bryancave.com,
CHDocketing@bryancave.com;kat.flaherty@bryancave.com
Richard H Fimoff    rfimoff@rsplaw.com, fb@rsplaw.com
Mary L Fullington    lexbankruptcy@wyattfirm.com
Aaron L Hammer    ahammer@freebornpeters.com, bkdocketing@freebornpeters.com
Michael G Helms    mghelms@mghlawfirm.com
Brian J Jackiw    bjackiw@freebornpeters.com, bkdocketing@freebornpeters.com
Steve Jakubowski    sjakubowski@lplegal.com, nbailey@lplegal.com
Patrick S Layng    USTPRegion11.ES.ECF@usdoj.gov
Karen Newbury    knewbury@schiffhardin.com,
edocket@schiffhardin.com;rkaferly@schiffhardin.com
Eric S. Prezant    eric.prezant@bryancave.com
Travis Rojakovick    trojakovick@lockelord.com
Aaron C Smith    asmith@lockelord.com, chicagodocket@lockelord.com

Manual Notice mailed out on January 20, 2012 to:

Forman Holt Eliades & Ravin LLC
80 Route 4 East
Suite 290
Paramus, NJ 07652

Robert W. Leasure
LS Associates, LLC
462 South 4th Street, Suite 1770
Louisville, KY 40202


                                          /s/ Richard H. Fimoff
                                          Attorney for the Debtors

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| **2241 ELKHORN LEXINGTON, L.P.** ) | Case No. 10-BK-34271 |
| ) | (Jointly Administered) |
| **Debtor.** ) | |
| ) | Honorable Pamela S. Hollis |
| ) | Hearing Date: Jan. 26, 2012 |
| ) | Hearing Time: 10:00 a. m. |
| ) | |

**JOINT MOTION OF THE DEBTORS AND THE SECURED LENDER TO AUTHORIZE THE DEBTOR TO EFFECTUATE THE TERMS OF THE FINAL FINANCING ORDER**

Debtors, 2241 Elkhorn Lexington, L.P. and 5650 North Sheridan Corporation (the "Debtors") and LSREF Clover Trust 2011 (the "Secured Lender") hereby file their Joint Motion of the Debtors and the Secured Lender to Authorize the Debtor to Effectuate the Terms of the Final Financing Order (the "Motion"). In support of their Motion, the Debtors and the Secured Lender respectfully state as follows:

I.
JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is appropriate in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. §157(b).

II
BACKGROUND

2. On July 30, 2010, the Debtors filed their voluntary petition for relief under chapter 11 of the Bankruptcy Code. The cases were combined for joint administration on September 14, 2010. No trustee, examiner or committee of unsecured creditors has been appointed in these cases.

GL0077

3. The Debtors' assets consist of among other things, three operating hotels (collectively, the "Lexington Hotels"). The Debtors continue in possession of their property and are operating and managing their businesses each as a debtor-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

4. On October 22, 2010, the Secured Lender's predecessor filed its proofs of claim (collectively, the "Proofs of Claim") asserting claims against the Debtors' estates in the amount of $21,275,829, excluding accrued and unpaid attorneys' fees (Claim No. 5 in the 2241 Elkhorn case and No. 6 in the 5650 North Sheridan case). The Secured Lender has a blanket lien on substantially all of the Debtors' assets. The Debtors have scheduled $359,156 in assets in the 2241 Elkhorn Lexington, L.P. case (Docket No. 61 in case number 10-34271) and $168,208 in assets in the 5650 North Sheridan Corporation case (Docket No. 10 in case number 10-34286).

5. On November 1, 2011, the Court entered the Stipulation and Final Order (I) Authorizing Secured Emergency Stop Gap Postpetition Financing Pursuant to 11 U.S.C. § 364, (11) Authorizing Use of Cash Collateral Pursuant to 11 U.S.C, §§ 363 and 364, and (III) Granting Adequate Protection Pursuant to 11 U.S.C. §§ 363 and 364 (the "Final Financing Order") [Docket No. 288] authorizing the Debtors to use the Secured Lender's cash collateral, and to provide for certain stop-gap financing, on a limited basis pursuant to an agreed budget incorporated into the Final Financing Order,

6. The Termination Date under the Final Financing Order is December 31, 2011. Final Financing Order, 11 14. The Final Financing Order provides that on the Termination Date, "[t]tle automatic stay pursuant to Section 362(a) of the Bankruptcy Code shall be deemed lifted and modified, without further order of this Court, to permit the Secured Lender to exercise any and all of their rights and remedies under the Prepetition Loan Agreements and this Final

Financing Order." Final Financing Order, ¶ 28. Thus, by the time of the hearing on this Motion, the Debtors' authorization to use the Secured Lender's cash collateral shall have already terminated, and the automatic stay will have already been lifted to allow the Secured Lender to exercise any of its rights and remedies under the Prepetition Loan Agreements.

7. By this Motion, the Secured Lender and the Debtors, out of an abundance of caution, seek the Court's authority for the Debtors to take actions to effectuate the terms of the Final Financing Order as a result of the occurrence of its Termination Date and the lifting of the automatic stay with respect to the Lexington Hotels, including, but not limited to, providing the Secured Lender with a deed in lieu of foreclosure and/or to consent to a foreclosure with respect to the Lexington Hotels.

III.
ARGUMENT

8. Upon the occurrence of the Termination Date under the Final Financing Order, the automatic stay is lifted and the Secured Lender is entitled to exercise any and all of its rights and remedies under the Prepetition Loan Agreements (as defined in the Final Financing Order). Among these rights is the right to pursue all remedies conferred upon the Secured Lender by law upon the occurrence of an event of default under the Prepetition Loan Agreements (see ¶ 9 of the Loan Agreement attached as Exhibit A to the Proof of Claim) and to foreclose on the liens granted under the Loan Prepetition Loan Agreements (see 11 18 of the Mortgage, Security Agreement, Assignment of Rents and Leases and Fixture Filing, attached as Exhibit C to the Proof of Claim). Thus, the Secured Lender, at the time of the hearing on this Motion, is free to commence a state court foreclosure action to foreclose on the Lexington Hotels, to accept a deed in lieu of foreclosure from the Debtors with respect to the Lexington Hotels, or to pursue any other remedy by law or agreement.

9. The Final Financing Order is silent in terms of the actions that the Debtor may take in order to assist the Secured Lender in the exercise of its rights and remedies under the Prepetition Loan Agreements. Specifically, the Final Financing Order makes no mention of whether the Debtor can provide the Secured Lender with deeds in lieu of foreclosure or actively consent to a foreclosure of the Lexington Hotels.

10. The Debtors have determined that they have no equity in the Lexington Hotels because, among other reasons, the Secured Lender's secured claims against the Debtors are approximately 521,275,829, yet the total value of the Debtors' scheduled assets is approximately $527,364. Moreover, the Debtors have no cash to operate the Lexington Hotels, and the Secured Lender is not willing to provide further financing to the Debtors to pay the on-going costs associated with the operation of the Lexington Hotels. Finally, the Debtors know of no basis to object to the Secured Lender's foreclosure on its liens asserted against the Lexington Hotels. Both the Secured Lender and the Debtors agree that the most efficient way to effectuate the intent of the Final Cash Collateral Order is for the Debtor to either consent to the Secured Lender's foreclosure on its liens encumbering the Lexington Hotels, or for the Debtor to provide the Secured Lender with deeds in lieu of foreclosure with respect to these properties.

11. For the avoidance of doubt, both the Secured Lender and the Debtor agree that nothing contained in the order approving this Motion should in any way be deemed to limit the claims of the Secured Lender, including any deficiency claim to which it might be entitled.

12. Secured Lender agrees that as a condition to the relief requested herein, it will satisfy all unpaid post-petition obligations of the debtors, including all taxes and

obligations that would be costs of administration under Section 503 of the Bankruptcy Code,

IV
CONCLUSION

WHEREFORE, the Debtor and the Secured Lender respectfully request that the Court enter an order, in substantially the same form as that attached to this Motion as Exhibit A: (i) approving this Motion; (ii) authorizin the Debtor to provide the Secured Lender with deeds in lieu of foreclosure and/or consent to he foreclosure of the Secured Lender's liens on the Lexington Hotels; and (iii) grant such other and further relief as may be necessary and appropriate.

Dated: January 20, 2012                    Respectfully submitted,

2441 ELKHORN LEXINGTON, L.P.

    /s/ Richard H. Fimoff_____
       One of its attorneys

       Richard H. Fimoff (#804886)
       Robbins, Salomon, &
       Patt, Ltd. 25 E.
       Washington Street
       Chicago, Illinois 60601
       (312) 782-9000
       (312 782-6690 (fax)
    and

       • LSREF Clover Trust 2011

         /s/Aaron C. Smith
       One of its attorneys

       Aaron C. Smith (ARDC #
       6282131) LOCKE LORD
       LLP
       111 South Wacker Drive
       Chicago, Illinois 60606
       Tel: 312.443.0700
       Fax: 312.443.0336

# EXHIBIT A

GL0077